UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| XINLIANG SHI,<br><br>           Plaintiff,<br><br>   v.<br><br>JUN BIN ZHU,<br><br>           Defendant. | Case No. C23-1401-MLP<br><br>ORDER |

       This matter is before the Court on Plaintiff Xinliang Shi's "Motion for Leave of Court for Alternative Service" ("Plaintiff's Motion"). (Dkt. # 3.) Plaintiff filed their complaint against Jun Bin Zhu ("Defendant") on September 10, 2023. (Dkt. # 1.) Plaintiff alleges Defendant commercially used a visual work of art entirely identical to a work registered by Plaintiff with the United States Copyright Office, without permission or licensing, and against Plaintiff's consent to offer products for sale on Amazon. (*See* dkt. # 1 at ¶¶ 3.1-3.3, 4.1-4.3.)

       Based on Defendant's alleged copyright infringement, Plaintiff served Amazon.com, Inc. with a notice of infringement pursuant to the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 501, *et seq*. (Dkt. # 1 at ¶ 3.4.) Amazon.com delivered a DMCA takedown notice to

ORDER - 1

1 | Defendant, who then filed a DMCA counter notice agreeing to be sued in this District and to
2 | accept service. (*Id.* at ¶¶ 3.4, 3.6.)
3 |   Plaintiff's Motion seeks leave for alternative service because Defendant is located in
4 | China. (*See* dkt. # 3.) Plaintiff notes that in Defendant's DMCA counter notice, Defendant
5 | provided an email address of 255324030@qq.com and a physical address of Zhu Jun Bin Room
6 | 202, Unit 2, Building 6, Beiyang Community Beiyang Village, Tangxia Town Wenzhou City,
7 | Ruian, Zhejiang, China 325200. (*Id.* at 1-2.) Plaintiff therefore requests the Court grant leave for
8 | alternative service of Plaintiff's complaint by email and by United States Postal Service Priority
9 | Mail Express International to the physical address provided. (*Id.* at 3.) Plaintiff's Motion does
10 | not indicate whether Plaintiff has commenced service pursuant to the Hague Convention on the
11 | Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters
12 | ("Hague Convention"). (*See* dkt. # 3.)
13 |   Federal Rule of Civil Procedure 4(f) permits service of process on individuals in foreign
14 | countries by: (1) internationally agreed methods such as those authorized by the Hague
15 | Convention; (2) if there is no internationally agreed means, in accordance with the foreign
16 | country's law; or (3) by "other means not prohibited by international agreement, as the court
17 | orders." Fed. R. Civ. P. 4(f)(3). To obtain a court order under Rule 4(f)(3), a plaintiff must
18 | "demonstrate that the facts and circumstances of the present case necessitated the district court's
19 | intervention." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).
20 |   Here, though Plaintiff "need not have attempted every permissible means of service of
21 | process before petitioning the court for alternative relief," *see Rio Props., Inc.*, 284 F.3d at 1016,
22 | Plaintiff has failed to demonstrate the facts and circumstances of this case necessitate this
23 | Court's intervention at this time. Specifically, Plaintiff fails to detail or explain any efforts or

ORDER - 2

attempts to serve Defendant despite knowledge of their physical address and Defendant's agreement in the DMCA counter notice that they will accept service. China, like the United States, is a party to the Hague Convention. *See* Contracting Parties, *available at* https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last viewed September 12, 2023). The Hague Convention expressly "shall not apply where the address of the person to be served with the document is not known." Hague Convention, art. 1, *available at* https://www.hcch.net/en/instruments/conventions/full-text/?cid=17 (last viewed September 12, 2023). Conversely, because the physical address of Defendant is known, Plaintiff may utilize methods authorized by the Hague Convention.

Accordingly, having considered Plaintiff's Motion, the governing law, and the balance of the record, the Court DENIES Plaintiffs' Motion (dkt. # 3) without prejudice for failure to comport with the requirements of Rule 4(f)(3).

Dated this 12th day of September, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 3