UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| XINLIANG SHI, <br><br> Plaintiff, <br><br> v. <br><br> JUN BIN ZHU, doing business as ruianshidonglaiguojimaoyiyouxiangongsi, <br><br> Defendant. | C23-1401 TSZ <br><br> ORDER GRANTING DEFAULT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT |

THIS MATTER comes before the Court on Plaintiff Xinliang Shi's Motion for Entry of Default Judgment, docket no. 19.  Having reviewed all papers filed in support of the motion, the Court enters the following order.

**Background**

Plaintiff Xinliang Shi registered with the United States Copyright Office a visual image with the registration number VA 2-293-200 pursuant to 37 C.F.R. § 202.3.  Compl. at ¶ 3.2 (docket no. 1).  The image is of the following copyrighted work:



ORDER GRANTING DEFAULT JUDGMENT AND PERMANENT
INJUNCTION AGAINST DEFENDANT - 1

See Ex. A to Compl. (docket no. 1-1 at 3).  Plaintiff discovered that Jun Bin Zhu, doing business as ruianshidonglaiguojimaoyiyouxiangongsi ("Defendant") offered a product for sale on Amazon.com depicting an identical visual image without permission or a license. Compl. at ¶ 3.3 (docket no. 1).  The Amazon pages at issue are reproduced below:

1. https://www.amazon.com/Sporacingrts-Motorcycle-Cleaner-Davidson-Sportster/dp/B0C581Y29W/ref=sr_1_11?m=A1J0GMKVNLNNSC&marketplaceID=ATVPDKIKX0DER&qid=1689839547&s=merchant-items&sr=1-11&th=1



2. https://www.amazon.com/sp?ie=UTF8&seller=A1J0GMKVNLNNSC&asin=B0C581Y29W&ref_=dp_merchant_link&isAmazonFulfilled=1

ORDER GRANTING DEFAULT JUDGMENT AND PERMANENT
INJUNCTION AGAINST DEFENDANT - 2



Id.; see Ex. 5 to Compl. (docket no. 1-5 at 1–2).  Plaintiff sent Amazon a takedown notice under the Digital Millennium Copyright Act, 17 U.S.C. § 512(c)(3), claiming infringement and requesting that Amazon remove Defendant's advertisements from its platform, while citing the above URLs.  Compl. at ¶ 3.4 (docket no. 1).  Defendant refused to acknowledge the infringement or voluntarily remove those advertisements.  Id. at ¶ 3.5.

     Instead, Defendant sent a counter-notice denying infringement of Plaintiff's copyright.  Id. at ¶ 3.6.  Through that document, which was signed under penalty of perjury under United States law, Defendant provided the following types of contact information: a phone number, an email address, and a mailing address.  See Ex. B to

ORDER GRANTING DEFAULT JUDGMENT AND PERMANENT
INJUNCTION AGAINST DEFENDANT - 3

1  Compl. (docket no. 1-2).  Defendant also consented to the jurisdiction of any judicial

2  district in which Amazon may be found.  Id.

3   Plaintiff then filed this lawsuit against Defendant, alleging copyright infringement.

4  Compl. at ¶ 4.1 (docket no. 1).  According to the mailing address Defendant provided to

5  Amazon, Defendant resides in China, and Plaintiff attempted to serve Zhu through a

6  Hague Convention service request to the International Legal Cooperation Center of the

7  Ministry of Justice of China.  That effort failed because, as the Chinese government

8  certificate of non-service stated, "The address provided does not exist and the recipient

9  cannot be reached."  Ex. A to 3d Mot. for Alt. Serv. (docket no. 12-1 at 1, 4).  As a result,

10 a magistrate judge granted Plaintiff leave for alternative service via email, and Plaintiff

11 served Defendant via the email address provided in the counter-notice.  Order at 2, 4

12 (docket no. 13); Aff. of Serv. (docket no. 14).  Defendant never appeared, and default

13 was entered against Zhu in July 2024.  Order (docket no. 16).

14 **Discussion**

15     **A.    Jurisdiction**

16     Before entering default judgment, a court must confirm that it has both subject

17 matter and personal jurisdiction.  See Tuli v. Republic of Iraq (In re Tuli), 172 F.3d 707,

18 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to

19 plead or otherwise defend, a district court has an affirmative duty to look into its

20 jurisdiction over both the subject matter and the parties.").

21     Here, the Court has federal question jurisdiction because the action arises under

22 the Copyright Act of 1976, as amended, 17 U.S.C. §§ 501–13.  See 28 U.S.C. § 1331.

23

1   The Court has personal jurisdiction because Defendant expressly consented in the
2   counter-notice to Amazon.  See Ex. B to Compl. (docket no. 1-2).

3         B.      **Copyright Infringement**

4         To establish copyright infringement, Plaintiff must prove that (i) Plaintiff owns a
5   valid copyright, and (ii) Defendant copied the "constituent elements of the work that are
6   original."  See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991).  As a
7   result of Defendant's default, all allegations in the complaint, except those relating to the
8   amount of damages, are deemed admitted.  See Fed. R. Civ. P. 8(b)(6).  "[N]ecessary
9   facts not contained in the pleadings, and claims which are legally insufficient, are not
10  established by default."  Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir.
11  1992).

12        In this case, the complaint and its attachments allege all of the facts necessary to
13  demonstrate copyright infringement.  The record shows that Plaintiff owns a valid
14  copyright under the registration number VA 2-293-200.  Ex. A to Compl. (docket no. 1-1
15  at 1–3).  Defendant's product listed on Amazon uses Plaintiff's copyrighted work in its
16  entirety.

17        C.      **Damages**

18        A copyright infringer is liable for either (1) the copyright owner's actual damages
19  and any additional profits of the infringer, or (2) statutory damages.  17 U.S.C. § 504(a).
20  The copyright owner may elect to recover statutory damages in an amount of not less
21  than $750 or more than $30,000.  Id. at § 504(c)(1).  When an infringement was
22  committed willfully, statutory damages may be increased to a sum of not more than
23

ORDER GRANTING DEFAULT JUDGMENT AND PERMANENT
INJUNCTION AGAINST DEFENDANT - 5

1   $150,000. Id. § 504(c)(2). The copyright owner bears the burden of proving

2   infringement was committed willfully. Id. The precise amount of statutory damages,

3   whether for non-willful or willful infringement, is a matter within the Court's discretion.

4   Id. at §§ 504(c)(1) & (2).

5       The Court does not find that Defendant's infringement was "willful" within the

6   meaning of the Copyright Act. "A determination of willfulness requires an assessment of

7   a defendant's state of mind." Erickson Prods., Inc. v. Kast, 921 F.3d 822, 833 (9th Cir.

8   2019) (quoting Friedman v. Live Nation Merch., Inc., 833 F.3d 1180, 1186 (9th Cir.

9   2016)). "[T]o prove willfulness under the Copyright Act, the plaintiff must show (1) that

10  the defendant was actually aware of the infringing activity, or (2) that the defendant's

11  actions were the result of reckless disregard for, or willful blindness to, the copyright

12  holder's rights." Id. (quoting Unicolors, Inc. v. Urban Outfitters, Inc., 853 F.3d 980, 991

13  (9th Cir. 2017)). The "[c]ontinued use of a work even after one has been notified of his

14  or her alleged infringement does not constitute willfulness so long as one believes

15  reasonably, and in good faith, that he or she is not infringing." Evergreen Safety Council

16  v. RSA Network Inc., 697 F.3d 1221, 1228 (9th Cir. 2012).

17      Plaintiff claims that Defendant's violations were willful because Defendant

18  provided Amazon with incorrect or invalid contact information, citing the remedies

19  provision of the Copyright Act, which provides as follows:

20      In a case of infringement, it shall be a rebuttable presumption that the
        infringement was committed willfully for purposes of determining relief if
21      the violator . . . knowingly provided . . . materially false contact information
        to a domain name registrar, domain name registry, or other domain name

22

23

ORDER GRANTING DEFAULT JUDGMENT AND PERMANENT
INJUNCTION AGAINST DEFENDANT - 6

>registration authority in registering, maintaining, or renewing a domain name used in connection with the infringement.

17 U.S.C. § 504(c)(3)(A).  "Domain name" means "any alphanumeric designation which is registered with or assigned by any domain name registrar, domain name registry, or other domain name registration authority as part of an electronic address on the Internet." 15 U.S.C. § 1127; see 17 U.S.C. § 504(c)(3)(C).  Although Defendant provided a nonexistent mailing address to Amazon, Amazon is not a "domain name registrar, domain name registry, or other domain name registration authority."  Accordingly, the rebuttable presumption of § 504(c)(3)(A) does not apply in this case.  Plaintiff does not otherwise demonstrate that Defendant's violations were willful under either of the standards set forth in Erickson Products.

      Plaintiff seeks the maximum in statutory damages, but the Court does not consider such relief "just."  See 17 U.S.C. § 504(c)(1).  Plaintiff states that 165 total product reviews appeared in the two advertisements featuring Plaintiff's copyrighted image and that this figure "represent perhaps a fraction of the presumed total number of purchasers." Motion at 7 (docket no. 19).  Priced at $30.99 each, see Ex. 5 to Compl. (docket no. 1-5 at 2), the 165 purchased products would have grossed Defendant $5,113.35.  Plaintiff does not attempt to quantify what fraction of total sales is reflected in the total number of product reviews.  The Court concludes that a "just" award of statutory damages is $15,000.00, which is roughly triple the amount of gross sales linked to product reviews, and which reflects a reasonable estimate that only one out of every three purchasers posted a review.  Having considered the factors set forth in Eitel v. McCool, 782 F.2d

ORDER GRANTING DEFAULT JUDGMENT AND PERMANENT
INJUNCTION AGAINST DEFENDANT - 7

1470, 1471–72 (9th Cir. 1986), the Court exercises its discretion to enter default judgment in Plaintiff's favor in this amount.

### D. Injunctive Relief

Plaintiff also seeks an injunction against Defendant, requesting that the Court order Defendant to remove the product listing from Amazon and prohibit the product from being published again on Amazon or any other commercial site. A court may grant a final injunction "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). A plaintiff seeking permanent injunctive relief must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006); Flexible Lifeline Sys., Inc. v. Precision Lift, Inc., 654 F.3d 989, 995-96 (9th Cir. 2011) (holding that the eBay factors apply to copyright infringement cases). "Irreparable injury often derives from the nature of copyright violations, which deprive the copyright holder of intangible exclusive rights." Christopher Phelps & Assocs., LLC v. Galloway, 492 F.3d 532, 544 (4th Cir. 2007).

The Court finds that all four eBay factors favor entry of a permanent injunction. First, Defendant's copyright infringement has caused irreparable harm by falsely associating Plaintiff with Defendant's product and business. This conduct has deprived Plaintiff of the intangible exclusive right to control the reproduction, sale, and public

distribution of copies of the work.  See 17 U.S.C. §§ 106(1) & (3).  Second, Plaintiff has shown that monetary damages alone will not prevent Defendant from engaging in further abusive and infringing conduct.  Given Defendant's decision not to appear, the Court cannot be assured that Defendant will no longer engage in the conduct at issue in this case.  See Bungie, Inc. v. Bansal, No. 21-CV-1111, 2023 WL 3309496, at *8 (W.D. Wash. May 8, 2023).  Third, the equities favor Plaintiff, who seeks to enjoin Defendant from engaging in illegal conduct that benefits only Defendant.  Fourth, an injunction prohibiting Defendant from engaging in further conduct that infringes on Plaintiff's copyright will serve the public interest.  The Court GRANTS Plaintiff's request for an injunction against Defendant as follows:

1. Defendant shall within fourteen (14) days of the date of this Order remove from Amazon's website the infringing product and commercial advertising found at the following links (URLs):
   a. https://www.amazon.com/Sporacingrts-Motorcycle-Cleaner-Davidson-Sportster/dp/B0C581Y29W/ref=sr_1_11?m=A1J0GMKVNLNNSC&marketplaceID=ATVPDKIKX0DER&qid=1689839547&s=merchant-items&sr=1-11&th=1
   b. https://www.amazon.com/sp?ie=UTF8&seller=A1J0GMKVNLNNSC&asin=B0C581Y29W&ref_=dp_merchant_link&isAmazonFulfilled=1
2. Defendant shall not publish these products on Amazon again or on any other commercial website.

ORDER GRANTING DEFAULT JUDGMENT AND PERMANENT
INJUNCTION AGAINST DEFENDANT - 9

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Plaintiff's motion for default judgment, docket no. 19, is GRANTED, and Plaintiff is AWARDED statutory damages in the amount of $15,000.00.

(2) The Clerk is DIRECTED to enter default judgment consistent with this Order, to provide certified copies of this Order and the Judgment to Plaintiff and/or Plaintiff's counsel so that Plaintiff may notify Amazon that the Court has entered the forgoing injunction against Defendant, and to CLOSE this case.

IT IS SO ORDERED.

Dated this 22nd day of November, 2024.

*Thomas S. Zilly*
Thomas S. Zilly
United States District Judge